IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER D. COOPER, President, e-Formulate Inc.,       Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,       Respondent. | 4:17CV3059<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the pro se Petitioner's Motion to Quash IRS Summons (Filing No. 1). For the reasons set forth below, the Motion will be denied.

**BACKGROUND**

The Internal Revenue Service ("IRS") is conducting an investigation to determine whether Petitioner Christopher D. Cooper, president of e-Formulate, Inc., is a "responsible person" for purposes of the Trust Fund Recovery Penalty in connection with unpaid federal employment taxes owed by e-Formulate. Petitioner seeks to quash an IRS Summons issued to Wells Fargo Bank, N.A., requiring Wells Fargo to provide copies of e-Formulate's bank records. Petitioner asks the court to order the IRS to "cease and desist any and all actions" until his legal challenges to the Summons are addressed, as well as compensation for his time and expenses in responding to the IRS's "frivolous" Summons. (Filing No. 1 at CM/ECF pp. 18-19.)

On behalf of Respondents[1] IRS and Revenue Officer Colby Schwan, the United

---

[1] Petitioner named four entities and individuals as Respondents in this matter. As noted by Respondent, the proper party is the United States because the relief sought by Petitioner—an order quashing the Internal Revenue Service Summons served on Wells Fargo Bank, N.A.—is in fact relief sought against the United States.

States Attorney's Office has filed an Opposition to Petitioner's Motion to Quash IRS Summons (Filing No. 7) and an Index of Evidentiary Material in support thereof (Filing No. 6). The Petitioner has not responded to the Respondents' Opposition.

## FACTS

Because the Petitioner has not offered any evidence opposing or contradicting the following facts set forth in the Declaration (Filing No. 6-1) filed by Respondent IRS Revenue Officer Schwan, I shall consider such facts undisputed:

1. IRS Revenue Officer Colby Schwan is in the process of investigating the liability of Petitioner Christopher D. Cooper for Trust Fund Recovery Penalties relating to unpaid federal employment taxes owed by e-Formulate, Inc., for the following taxable periods: June 30, 2015; September 30, 2015; December 31, 2015; and March 31, 2016.

2. In furtherance of this investigation, and in accordance with 26 U.S.C. § 7602, Schwan issued an IRS Summons to Wells Fargo Bank, N.A., on May 3, 2017. The Summons directed Wells Fargo to produce for examination certain documents and records concerning banking matters of e-Formulate, Inc., by June 1, 2017. (Filing No. 6-1 at CM/ECF p. 4.)

3. Because Petitioner Christopher D. Cooper is the President of e-Formulate, the IRS believes that e-Formulate's banking records are highly relevant

---

*See* Abell v. Sothen, 214 F. App'x 743, 750 (10th Cir. 2007) (when acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is one against the United States); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989); DeLeeuw v. I.R.S., 681 F. Supp. 402, 403-04 (E.D. Mich. 1987). Therefore, the court will refer to the proper party—the United States—throughout this opinion and will direct the Clerk of the Court to update its records accordingly.

in determining whether or not Petitioner is a "responsible person" of that entity for purposes of the Trust Fund Recovery Penalty.

4. On May 4, 2017, and in accordance with 26 U.S.C. § 7603(b), Schwan served an attested copy of the IRS Summons described in paragraph (2), above, on Wells Fargo Bank, N.A., by certified mail, as evidenced in the certificate of service on the reverse side of the Summons. (Filing No. 6-1, at CM/ECF p. 5.)

5. On May 4, 2017, Schwan also served the notice required by section 26 U.S.C. § 7609(a) on Petitioner Christopher D. Cooper by certified mail, as evidenced in the certificate of service of notice on the reverse side of the Summons. (Filing No. 6-1, at CM/ECF p. 5.)

6. The documents and records sought by the Summons are not already in the possession of the Internal Revenue Service.

7. Schwan believes he has taken all administrative steps required by the Internal Revenue Code for issuance of a summons.

8. As of the date the Summons was issued and served, and as of the day Schwan signed his Declaration (Filing No. 6-1), no recommendation for criminal prosecution of Petitioner Christopher D. Cooper has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to Petitioner.

9. The IRS believes it is necessary to examine the documents and records sought by the Summons in order to properly investigate the liability of Petitioner Christopher D. Cooper for the Trust Fund Recovery Penalty in connection with the taxable periods at issue.

## ANALYSIS

Condensed and summarized, the Petitioner moves to quash the IRS Summons because (1) the IRS does not have jurisdiction over Petitioner's private financial records; (2) the IRS does not have the authority to issue the Summons based on a suspected—not proven—outstanding tax liability; and (3) the IRS cannot act under the Internal Revenue Code and related administrative codes "which are NOT 'positive law'" because they are "not relevant to Petitioner, a citizen of Nebraska." (Filing No. 1 at CM/ECF pp. 8, 11.)

Contrary to Petitioner's first two arguments, the IRS clearly has jurisdiction and authority to request the records at issue in this case. In order to encourage effective tax investigations, "Congress has endowed the IRS with expansive information-gathering authority." *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). The primary tool for gathering information is the authority of the IRS to issue administrative summonses pursuant to 26 U.S.C. § 7602. That section authorizes the issuance of a summons to any person or entity for documents that may be relevant to a tax investigation. *Id*. This investigative authority does not depend on probable cause to suspect a violation of the revenue laws, but may simply amount to a "fishing expedition" by the IRS. *United States v. Powell*, 379 U.S. 48, 53-56 (1964); *United States v. Giordano*, 419 F.2d 564, 568 (8th Cir. 1969) ("Taxpayer in his brief characterized the Government's efforts as a 'fishing expedition.' If so, the Secretary or his delegate has been specifically licensed to fish by § 7602."). Stated another way, the IRS may investigate on mere suspicion that the law is being violated or just because it wants assurance that it is not. *Powell*, 379 U.S. at 57.

Further, under *Powell*, a summons issued under 26 U.S.C. § 7602 is legitimate when it is:

> conducted pursuant to a legitimate purpose, . . . the inquiry [is] relevant to the purpose, . . . the information sought is not already within the

> Commissioner's possession, and . . . the administrative steps required by the Code have been followed—in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*Id*.; *see also United States v. John G. Mutschler & Assocs., Inc.*, 734 F.2d 363, 367 (8th Cir. 1984) (holding that a summons should be enforced if the IRS is able to make out a "prima facie case of good faith" adherence to the *Powell* factors).

In the event the IRS makes a prima facie showing of good faith, the burden shifts. As set forth by the Eighth Circuit:

> [T]he burden shifts to the party summoned to disprove one of these elements or to demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process. That burden is a heavy one. The party must show either that the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation.

*United States v. Claes*, 747 F.2d 491, 494 (8th Cir. 1984).

To demonstrate that the IRS satisfied the *Powell* factors in this matter, the United States filed the Declaration of Colby Schwan. (Filing No. 6-1.) In the Declaration, Schwan states that he is the IRS Revenue Agent responsible for "conducting an investigation into the liability of Christopher D. Cooper for Trust Fund Recovery Penalties relating to unpaid federal employment taxes owed by e-Formulate, Inc., for the following taxable periods: June 30, 2015; September 30, 2015; December 31, 2015; and March 31, 2016." (*Id*. at CM/ECF p. 1.) Schwan also states that "e-Formulate's banking records are highly relevant in determining whether or not Mr. Cooper is a responsible person of that entity for purposes of the Trust Fund Recovery Penalty." (*Id*. at CM/ECF p. 2.)

Further, Schwan states that "[i]t is necessary" to get this information from

Wells Fargo in order to properly investigate Petitioner's tax liability, and he affirms that he followed the necessary statutory and administrative procedures before issuing the Summons. (*Id*.) In particular, Schwan served an attested copy of the Summons on Walls Fargo by certified mail, and he also sent a copy of the Summons to Petitioner via certified mail on the same day he sent the Summons to Wells Fargo. (*Id*. at CM/ECF pp. 2, 4, 5.) Finally, Schwan declares that the "documents and records sought by the Summons are not already in the possession of the Internal Revenue Service. (*Id*. at CM/ECF p. 2.)

Petitioner does not contest the substance of Schwan's Declaration or the relevancy of the information being requested by the IRS, nor has he presented any evidence that the *Powell* requirements have not been met. Instead, Petitioner asserts that the Internal Revenue Code and related administrative codes are not "positive law" and are "not relevant to Petitioner, a citizen of Nebraska." (Filing No. 1 at CM/ECF p. 11.) Such "tax protestor" arguments are without merit. *Denison v. Commissioner*, 751 F.2d 241, 242-43 (8th Cir. 1984) (per curiam) ("But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes." (internal quotation and citation omitted)); *Advanced Health Strategies, Inc. v. United States*, No. 14-MC-51, 2014 WL 7883612, at *2 (D. Minn. Dec. 11, 2014), *report and recommendation adopted*, No. 14-MC-51, 2015 WL 164122 (D. Minn. Jan. 13, 2015) (finding no merit in petitioner's argument that IRS summons was unenforceable because Internal Revenue Code was not "positive law" and noting that petitioner failed to present evidence that *Powell* requirements had not been met); *see also Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985) ("Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable. Like it or not, the Internal Revenue Code is the law . . . ." (internal citations omitted)); *Hibben v. United States*, No. 3:08-mc-25, 2009 WL 2633137, at *2-4 (E.D. Tenn. June 19, 2009) (dismissing argument that under the Statutes at Large, the taxpayer did not fall into the class of persons subject to IRS

6

subpoenas), *report and recommendation adopted*, 2009 WL 2105985 (E.D. Tenn. June 19, 2009).

In short, although the United States has met its burden under *Powell*, Petitioner has not demonstrated that "the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation." *Claes*, 747 F.2d at 494. The court therefore finds that the Summons issued to Wells Fargo Bank, N.A., was properly issued pursuant to 26 U.S.C. § 7602, in compliance with *Powell*, and is valid and enforceable.

IT IS THEREFORE ORDERED that:

1. Petitioner Christopher D. Cooper's Motion to Quash IRS Summons (Filing No. 1) is denied, and this matter is dismissed with prejudice.

2. The Clerk of the Court is directed to update the court's records in accordance with this Memorandum and Order. Specifically, the United States of America shall be substituted for all Defendants, and is the only Defendant.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 31st day of July, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge